Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| GISELA LAMENZA MARRERO<br><br>PETICIONARIA<br><br>V.<br><br>ANDREA NOEMI BELTRÁN RODRÍGUEZ, ADRIANA LI BELTRÁN RODRÍGUEZ<br><br>RECURRIDA | KLCE202500419 | Recurso de *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Número: CG2023CV03246<br><br>Sobre: División de comunidad de bienes hereditarios |

Panel integrado por su presidente, la Jueza Martínez Cordero, el Juez Cruz Hiraldo y la Juez Lotti Rodríguez.[1]

Lotti Rodríguez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 26 de junio de 2025.

El 21 de abril de 2025, la Sra. Gisela Lamenza Marrero (señora Lamenza Marrero o peticionaria) presentó un recurso de *Certiorari* solicitando la revisión de la *Orden* emitida el 5 de marzo de 2025 y notificada el 10 del mismo mes y año por el Tribunal de Primera Instancia, Sala Superior de Caguas. Mediante el referido dictamen, el foro primario declaró Ha Lugar la *Moción en Cumplimiento de Orden* presentada por la Sra. Andrea Noemí Beltrán Rodríguez y la Sra. Adriana Li Beltrán Rodríguez (señoras Beltrán Rodríguez o recurrida).

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del recurso incoado.

I.

---

[1] Conforme la OATA-2025-069 del 7 de mayo de 2025, mediante la cual se asignó a la Juez Glorianne M. Lotti Rodríguez en sustitución del Hon. Abelardo Bermúdez Torres.

Número Identificador

RES2025 _____

Tras evaluar la *Urgente Solicitud de Orden al Amparo de la Regla 56 de las de Procedimiento Civil* de las señoras Beltrán Rodríguez, el 21 de mayo de 2024, el Tribunal de Primera Instancia le ordenó a la señora Lamenza Marrero consignar en la Unidad de Cuentas del tribunal cierta cantidad de dinero,[2] así como presentar copia fiel y exacta de los últimos tres (3) estados de cuenta de las cuentas de retiro 401k del causante el Sr. Miguel Beltrán Delgado. A su vez, le ordenó abstenerse de cancelar, disponer, transferir, modificar, retirar o de cualquier manera alterar los balances disponibles de ambas cuentas hasta que el tribunal emita la sentencia correspondiente en el caso de epígrafe.

Luego de varios tramites procesales, el 27 de junio de 2024, notificada al siguiente día, el Tribunal de Primera Instancia reiteró mediante *Orden* que "[e]n el término de 10 días la parte demandante deberá consignar en el tribunal la totalidad de los dineros habidos en la cuenta del causante a la fecha de su muerte y que fueron transferidos por la viuda pendientes de partición. Incurrirá en desacato y se podrá ordenar su arresto si se incumple la misma previa vista de mostrar causa".[3] Esto fue consecuencia del incumplimiento con la *Orden* del 21 de mayo de 2024.

Posteriormente, el 29 de julio de 2024, la señora Lamenza Marrero recurrió ante este foro apelativo mediante *Petición de Certiorari* (KLCE202400822),[4] y alegó la comisión de los siguientes

---

[2] Anejo 66 del recurso, págs. 171-172. El Tribunal de Primera Instancia ordenó lo siguiente: "[e]n un término no mayor de cinco (5) días de emitida esta orden consigne en la Unidad de Cuentas de este Tribunal la cantidad de $439,741.60 correspondiente al balance disponible al momento del fallecimiento del causante Miguel Beltrán Delgado en sus cuentas de cheques y ahorros (Premier Checking 1089909277 y Platinum Savings 5090122804) de Wells Fargo y que la demandante Gisela Lamenza Manero depositó en su cuenta personal. En un término no mayor de cinco (5) días de emitida esta orden consigne en la Unidad de Cuentas de este Tribunal la cantidad de $25,000.00 correspondiente al pago de liquidación del patrono del causante Miguel Beltrán Delgado, Bioventus, LLC., pagado directamente a la demandante Gisela Lamenza Manero. En un término no mayor de cinco (5) días de emitida esta orden consigne en la Unidad de Cuentas de este Tribunal la cantidad de $539,157.39 correspondiente a la venta de la propiedad inmueble en el estado de North Carolina perteneciente al causante Miguel Beltrán Delgado, propiedad comprada con fondos privativos de éste".
[3] Anejo 78 del recurso, pág. 231.
[4] Anejo 88 del recurso, pág. 266.

errores: "1) El TPI erró [al] emitir órdenes de embargo sobre bienes sobre los que no tiene jurisdicción porque estos se encuentran bajo leyes de otro estado; 2) El TPI violó los derechos constitucionales de la demandante al emitir una orden de embargo de forma *ex parte*, [Sumac 60 y 73] sin la correspondiente vista evidenciar[i]a y sin exigir la respectiva fianza según requerido por la Regla 56 de las de Procedimiento Civil de Puerto Rico en <u>error craso y manifiesto</u> violando así el debido proceso de ley en su vertiente procesal y sustantiva a la parte peticionaria y al mantener como confidenciales proyectos de órdenes atendidos de forma *ex parte* a espaldas de la parte demandante".

El 30 de agosto de 2024 este tribunal revisor emitió una *Resolución* mediante la cual concluyó que la *Orden* emitida por el foro primario el 28 de junio de 2024, se limitó a reiterar la *Orden* emitida previamente el 21 de mayo de 2024, para que la señora Lamenza Marrero consignara en el tribunal la totalidad de los fondos de las cuentas del causante a la fecha de su muerte. De manera que, por ser una *Orden* en respuesta al incumplimiento con la *Orden* del 21 de mayo de 2024, de la cual nunca se recurrió, la misma advino final y firme. Por ende, se desestimó el recurso por falta de jurisdicción al presentarse tardíamente.

El 28 de octubre de 2024, el foro primario citó una vista de desacato. Mediante la cual, entre otros asuntos, le concedió un término de treinta (30) días a la parte peticionaria para presentar el correspondiente memorando de derecho, y el mismo término a la parte recurrida para replicar dicho escrito. Además, se dejó sin efecto la orden de mostrar causa a la señora Lamenza Marrero.

Así las cosas, el 24 de noviembre de 2024, la parte peticionaria presentó una *Moción en Cumplimiento de Orden; Sometiendo Memorando de Derecho Relacionado a la Adjudicación de Bienes a la Viuda en Carolina del Norte*. El 28 de diciembre de 2024, la parte

recurrida presentó una *Moción en Cumplimiento de Orden*. El 8 de enero de 2025 la señora Lamenza Marrero presentó la correspondiente réplica.

Con posterioridad a varios incidentes procesales, el 5 de marzo de 2025, el foro primario declaró Ha Lugar la referida *Moción en cumplimiento de Orden* presentada por las señoras Beltrán Marrero. El 18 de marzo de 2025 la señora Lamenza Marrero presentó una *Moción Solicitando Determinaciones de Hecho y de Derecho y Moción de Reconsideración* (Sumac 133 y 134), la cual fue declarada No Ha Lugar por el foro primario el 19 de marzo de 2025.

Inconforme con dicha determinación, el 21 de abril de 2025 la parte peticionaria acudió ante nos mediante *Certiorari*. Plantea:

> **Primer error:**
> **Erró el Tribunal de Primera Instancia al ordenar el embargo de bienes sobre los cuales carece de jurisdicción, por tratarse de activos pertenecientes a un caudal hereditario ya adjudicado conforme a las leyes de otra jurisdicción de los Estados Unidos.**
>
> **Segundo error:**
> **Erró el TPI al emitir una orden de embargo sobre bienes sin jurisdicción sore la materia por ser bienes de un caudal hereditario adjudicado a tenor con las leyes de otra jurisdicción de la nación americana.**
>
> **Tercer error:**
> **El TPI incurrió en error al negarse a exponer los fundamentos jurídicos de su decisión de ordenar el embargo y al rehusar emitir determinaciones de hecho y de derecho, impidiendo así que la parte afectada pueda ejercer adecuadamente su derecho a revisión y plantear los cuestionamientos procesales y sustantivos correspondientes.**

El 20 de mayo de 2025 la parte recurrida presentó *Solicitud de Desestimación a Petición de Certiorari*. Alegó, entre otros asuntos, que la parte peticionaria "mediante subterfugios procesales, [...] trata de revertir una Orden del 21 de mayo de 2024 que advino final y firme el 24 de junio de 2024". Solicitó que se desestime el presente recurso, y que le ordene a la parte peticionaria cumplir con las órdenes del Tribunal de Primera Instancia. Además, planteó que la

*Vista de Desacato* celebrada el 28 octubre de 2024 "se tornó prácticamente en una Vista de Regla 56".

El 12 de junio de 2025 la señora Lamenza Marrero presentó *Oposición a Solicitud de Desestimación a Petición de Certiorari.* En esencia, sostuvo que no trata de revertir la *Orden* emitida por el foro primario el 21 de mayo de 2024. Por el contrario, adujo que los tres errores planteados en el recurso "tienen raíz en la Orden de embargo emitida el 5 de marzo de 2025, notificada el 10 de marzo de 2025, que declaró Ha Lugar la solicitud de la parte recurrida" que ordena la consignación de fondos. Señaló que el 14 de mayo de 2025, -seis (6) días antes de que la parte recurrida presentara la *Solicitud de Desestimación a Petición de Certiorari* en el caso de epígrafe- se celebró una vista sobre el estado procesal en la cual se discutieron, entre otros asuntos, temas relacionados con la petición de remedios provisionales al amparo de la Regla 56 de Procedimiento Civil de Puerto Rico. A su vez, resaltó que en dicha vista se pautó la celebración de una Vista Evidenciaria para el 8 de agosto de 2025.[5] Además, "se le ordenó a la parte demandante [sic] [demandada] que, en un término de 15 días presente, conforme a la Regla 56, la petición de remedios provisionales".

Con el beneficio de la comparecencia de las partes, el Derecho y jurisprudencia aplicables, resolvemos.

## II.

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que faculta a un tribunal de mayor jerarquía a revisar las decisiones emitidas por un tribunal inferior. *BPPR v. Gómez-López*, 213 DPR 314, 336 (2023); *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza*

---

[5] Véase, SUMAC, a la entrada 154, el documento intitulado Minuta; Transcripción de vista celebrada el 14 de mayo de 2025; pág. 27, líneas 10-16; pág. 28, líneas 14-25.

*Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021). "La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *BPPR v. Gómez-López, supra,* pág. 337; *Rivera et al. v. Arcos Dorados et al., supra,* pág. 209; *IG Builders et. al. v. BBVAPR,* 185 DPR 307, 338 (2012). Sin embargo, la discreción para expedir el recurso no es irrestricta, ni autoriza al tribunal a actuar de una forma u otra en abstracción del resto del Derecho. *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020) (citando a *Negrón v. Srio. De Justicia,* 154 DPR 79, 91 (2001)); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728-729 (2016).

En lo pertinente, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, delimita nuestra autoridad y prohíbe la intervención en las determinaciones interlocutorias emitidas por el Tribunal de Primera Instancia, salvo en contadas excepciones. *Scotiabank de Puerto Rico v. Zaf Corporation,* 202 DPR 478, 486-487 (2019). Lo previamente señalado persigue evitar dilaciones al revisar controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Id.* Así pues, la Regla 52.1 de Procedimiento Civil, *supra,* dispone que podemos expedir el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el foro primario cuando:

> [S]e recurra de una resolución u orden bajo las Reglas 56 [Remedios Provisionales] y 57 [*Injuction*] o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias [...] cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. 32 LPRA Ap. V, R. 52.1.

A esos efectos, acreditada debidamente nuestra autoridad para intervenir en el asunto recurrido, la Regla 40 de nuestro Reglamento, establece los criterios que deben guiar nuestra determinación sobre si procede o no expedir un auto de *certiorari*. *Rivera et al. v. Arcos Dorados et al.*, *supra*, pág. 209; *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 710-711 (2019). Los criterios esbozados son los siguientes:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ahora bien, ninguno de los criterios antes citados es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005) (citando a H. Sánchez Martínez, *Derecho Procesal Apelativo*, Hato Rey, Lexis-Nexis de Puerto Rico, 2001, pág. 560). Por lo general, los tribunales revisores no intervienen con el manejo de los casos de los tribunales de instancia, salvo cuando "se demuestre que este último actuó con prejuicio o parcialidad, que hubo un craso abuso de discreción, o que se equivocó en la interpretación o aplicación de alguna norma procesal o de derecho sustantivo". *Rivera y Otros v. Bco. Popular*, 152 DPR 140, 155 (2000) (citando a *Lluch v. España*

*Service Sta.*, 117 DPR 729, 745 (1986)). En tal sentido, al optar por no expedir el auto solicitado, no se está emitiendo una determinación sobre los méritos del asunto o cuestión planteada, por lo que esta puede ser presentada nuevamente a través del correspondiente recurso de apelación. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *García v. Padró*, 165 DPR 324, 336 (2005).

III.

En el presente caso, la parte peticionaria nos solicita que revisemos la *Orden* del Tribunal de Primera Instancia, que declaró Ha Lugar la *Moción en Cumplimiento de Orden* presentada por la parte recurrida. En esencia, la señora Lamenza Marrero planteó que el foro *a quo* incidió al ordenar el embargo de bienes sin jurisdicción sobre estos ni sobre la materia, al tratarse, alegadamente, de parte de un caudal hereditario adjudicado conforme a las leyes de otra jurisdicción. Asimismo, señaló como error que el foro primario se negó a exponer los fundamentos jurídicos de su decisión de ordenar el embargo y que rehusó hacer determinaciones de hecho y de derecho.

Luego de evaluar la petición de *Certiorari* sometida por la peticionaria, el escrito presentado por la recurrida y los documentos que constan en el expediente, no encontramos fundamento alguno para intervenir con el dictamen recurrido, toda vez que este se emitió en el ejercicio de la sana discreción del tribunal *a quo*. Reiteramos que, como norma general, los foros apelativos no habremos de intervenir con el ejercicio de discreción de los foros primarios, -- el cual debe estar guiado por el concepto de razonabilidad--, salvo que sus decisiones resulten arbitrarias o constituyan un abuso de discreción. *BPPR v. Gómez-López, supra,* págs. 334-335. A tenor, no observamos ningún atisbo de prejuicio, parcialidad o error

manifiesto en el dictamen del TPI, ni que el mismo pudiera causar un fracaso de la justicia. Por ende, considerando la ausencia de indicios que justifiquen nuestra actuación respecto a la *Orden* impugnada, así como la falta de cumplimiento con los criterios establecidos en la Regla 40 de nuestro Reglamento, *supra*, que ameriten la expedición del presente recurso, procede que nos abstengamos de intervenir en esta etapa del procedimiento.

IV.

Por los fundamentos que anteceden, *denegamos* el auto de *certiorari* solicitado.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones